STATE OF MAINE                                     SUPERIOR COURT
AROOSTOOK,ss                                       DOCKET NO. CR-15-0003

STATE OF MAINE                )
                              )
                              )
                              )
vs.                           )          ORDER ON MOTION TO SUPPRESS
                              )
                              )
                              )
DENNIS WINCHESTER             )
                 Defendant    )

Pending before the court is the Defendant's Motion to Suppress. The Defendant contends that his rights to due process have been violated by what he alleges to be the State's failure to preserve exculpatory evidence. The court has conducted an evidentiary hearing in this matter and has now had the opportunity to consider the evidence and the arguments of counsel. For the reasons set forth herein, the court denies this motion.

In this case, Maine State Police Trooper Corey Hafford was investigating a number of complaints of burglary, theft and criminal mischief. In conjunction with the search of property apparently belonging to Holly Anderson in Van Buren[1], the Trooper Hafford seized a radio and some batteries belonging to Reed Devoe; two motor vehicle batteries belonging to Donald Nadeau and various power tools belonging to Linda Neylea. Trooper Hafford presented these items to the purported owner and each identified the item as belonging to them. Thereafter, Trooper Hafford returned the various items to each owner. The StateTheft (Class C); Theft (Class C); Criminal Mischief (Class D); Criminal Mischief (Class D); Burglary (Class B); Theft

_____

[1] It isn't clear to the court whether Ms Anderson is the owner of the property or whether she is a tenant. It also is not clear if the Defendant has any ownership or other possessory interest in the property; notwithstanding this issue, there has been no challenge to his standing to bring this motion.

1

(Class C); Criminal Mischief (ClassD); Theft (Class C): Criminal Mischief (Class D) and Criminal Mischief (Class D).

The Defendant contends that his right to a fair trial comporting with due process requirements has been compromised by virtue of the fact that law enforcement officers returned the subject items to their purported owners rather than retained them within their control. The essence of the Defendant's argument is that the State's failure to preserve this evidence violated his right to due process.

In California v Trombetta, 467 U.S. 479, 488-89, the United States Supreme Court held that the question of whether a defendant has been denied his right to a fair trial as the result of the State's loss or destruction of evidence is not limited to whether the State has acted in bad faith or not. "Rather, ...the question of whether a defendant is required to prove that the State acted in bad faith is a function of the nature of the lost or destroyed evidence." The Court made it clear that prosecutors have a duty to preserve *material* evidence and for evidence to be regarded as *material*, that evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Further, the Court stated that, in the absence of demonstrated bad faith, the prosecutors failure to preserve only *potentially useful* evidence is not a denial of due process.

Our Law Court has addressed this issue in State v. Cote, 2015 ME 78, ¶ 15, 118 A.3d 805, 810 when it wrote,

> [ to] determine whether the State's failure to preserve evidence violated a defendant's right to a fair trial, the trial court is required to conduct a bifurcated analysis. First, the court must determine whether the evidence possessed an exculpatory value that was apparent before the evidence was destroyed. If so, then the defendant must show only that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. If, however, the exculpatory

2

value of the evidence was not apparent at the time of its loss or disappearance, the defendant cannot establish a constitutional deprivation without proof that the State also acted in bad faith in failing to preserve the evidence.

In this case, the Defendant has failed to demonstrate that the evidence claimed to be "lost or destroyed" possessed any exculpatory value that was apparent at the time of its "loss." Further, the Defendant has failed to demonstrate any bad faith of the part of the law enforcement officers involved in handling that evidence.

Moreover, irrespective of the questions of whether the evidence possessed "exculpatory value" and whether the prosecution acted in "bad faith", the Defendant faces a more basic problem. Before the court can turn its attention to whether evidence was "exculpatory" or whether there has been "bad faith", the Defendant must get over a threshold requirement that in deed, the subject evidence has been "lost or destroyed." All that the Defendant has demonstrated is that law enforcement officers returned various items of property to the purported owners. The Defendant has not demonstrated that the evidence will not be available for his trial. The court is aware of no prohibition for law enforcement officers to return property to owners pending trial. If the State can produce the evidence at trial, by definition it is not "lost or destroyed." In State v. Smith, 400 A.2d 749, 757, the Law Court stated that the State had no obligation to provide for inspection of objects outside of its possession, custody or control. Once such objects were returned to their owners, those objects were as accessible to the Defendant as they were to the State. Should it occur that the owners, having been instructed to retain custody of the object pending trial, failed to do so leaving the State without evidence to present at trial, then it may well be the State that is prejudiced by its actions rather than the Defendant.

The entry shall be: The Defendant's Motion to Suppress is denied.

3

October 27, 2016

E. Allen Hunter
Active Retired Justice of the Superior Court

4